IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

DEBBIE NICHOLS
    *Plaintiff*,

vs.                                                                                    CASE NO. 7:20-cv-0043

RORY MCKINNEY, RICHARD GILLETTE
IN HIS CAPACITY AS MIDLAND COUNTY
SHERIFF, and MIDLAND COUNTY, TEXAS
    *Defendants*.                                              **Jury Requested**

---

## PLAINTIFF'S ORIGINAL COMPLAINT FOR ILLEGAL WIRETAPPING

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, DEBBIE NICHOLS, ("NICHOLS") by and through the undersigned counsel, sues the Defendants, RORY MCKINNEY, RICHARD GILLETTE, IN HIS CAPACITY AS MIDLAND COUNTY SHERIFF, and MIDLAND COUNTY, TEXAS, and, for cause of action, states as follows:

### I.    INTRODUCTION

1.    This is an action for declaratory and injunctive relief and damages alleging the Defendants unlawfully violated the **Federal Wiretap Act** 18 U.S.C. § 2510, *et. seq*, the **Texas Wiretap Act Texas Code Criminal Proc. art. 18A.502** and 42 U.S.C. §§ 1983 and 1985, by unlawful interception of communications of employees and others at the Midland County Law Enforcement Center. Plaintiff files this action individually, but reserves the right to seek class action certification from the Court on behalf of all others similarly situated and affected, including each person who placed a telephone call to, or from, the Midland County Law Enforcement Center.

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, §1343, and §1367, and because this lawsuit arises under the *Federal Wiretap Act*, 18 U.S.C. § 2510, *et. seq.*

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise out of the same transactions and/or occurrences as alleged in Plaintiff's Complaint, so as to form a part of the same case or controversy.

5. Venue of this action is properly placed in the Western District of Texas, Midland Division, pursuant to 28 U.S.C. §1391(b), because the events/employment practices alleged to be unlawful were committed in Midland County, Texas, within the jurisdiction of this Honorable Court.

## III.  PARTIES

6. Plaintiff NICHOLS is, and at all times was an employee of the Midland County Sheriff's Department, employed as an administrative assistant to the County Sheriff. Plaintiff NICHOLS, at all times relevant hereto, was a citizen of the United States, and a resident of Midland County, Texas.

7. Defendant Rory McKinney is an individual who is employed by the Midland County Sheriff's Department as Chief Deputy, and may be served at his business address:

Rory McKinney
400 S. Main Street
Midland, TX 79701

8. Defendant RICHARD GILLETTE is the interim Sheriff of Midland County, Texas, and may be served at his business address:

RICHARD GILLETTE, SHERIFF
400 S. Main Street
Midland, TX 79701

9. Defendant MIDLAND COUNTY, TEXAS is a Texas County Government, and may be served by and through its chief executive:

> Midland County Judge, Terry Johnson
> 500 N. Lorraine Street, Suite 1100
> Midland, TX 79701

## IV.  FACTUAL ALLEGATIONS

10. Beginning in approximately 2012, Plaintiff DEBBIE NICHOLS became employed as an administrative employee of the Midland County Sheriff's Department, located at 400 South Main Street, Midland, Texas. NICHOLS was charged with handling administrative duties for the department. Chief Deputy RORY McKINNEY was assigned as NICHOLS'S supervisor.

11. During this time period, RORY McKINNEY and others began acting very suspiciously toward NICHOLS and other employees, and seemed to possess confidential knowledge about matters personal to NICHOLS and other employees. On one occasion in particular, NICHOLS began to contemplate making a request for leave under the Federal Family and Medical Leave Act (FMLA) to take care of an ill family member. While she was making application, she spoke with another employee, who revealed to her that RORY McKINNEY had advance notice of her plans, and indicated that McKINNEY had already discussed plans to "do something about her job" if she had to be gone very long.

12. Based on this interchange, NICHOLS became suspicious that the staff of the Sheriff's Department, specifically RORY McKINNEY, had been illegally intercepting telephone communications. NICHOLS made contact with representatives of the Information Technology section, and asked if telephone calls were being recorded. The confidential source within the IT department confirmed that phone calls were recorded, and had been recorded for some time.

13. On or about September 23, 2019 NICHOLS served an open records request upon the County of Midland. On October 16, 2019, in response to the Open Records Request, Russell Malm, Midland County Attorney, produced Eventide NexLog Call Access Reports showing that, at on at least **262 occasions,** between March 29, 2019 and June 27, 2019, telephone calls made by or received by NICHOLS had been illegally intercepted and recorded by the computer system programmed by the MIDLAND COUNTY Sheriff's Department, without her effective consent. This Eventide NexLog report also revealed that the recordings of the telephone calls had been listened to by user "mckinner" (upon information and belief Defendant RORY McKINNEY), who, on at least one occasion, had listened to the same telephone conversation (one placed on March 29, 2019 at 10:30:09 P.M.) up to **56 times**, all without NICHOLS'S consent or permission.

14. The telephone lines in question were not identified in proximity to the telephone units as being "monitored lines" and no disclosure was made to NICHOLS that calls would be monitored and recorded. Further, the individuals to whom NICHOLS was speaking were not advised that calls would be monitored or recorded. NICHOLS held a reasonable expectation of privacy in each of these telephone calls, and that expectation of privacy was violated when McKINNEY, or others acting in concert with him, listened to the private telephone calls and offensively used information from the calls against Plaintiff.

15. Upon information and belief of the Plaintiff, the recording and offensive use of these recordings has taken place over a period of several years, since the installation of the new telephone system at the County Sheriff's Administrative Building. During this time period, potentially tens of thousands of calls have been recorded, with the privacy interests of thousands

of employees and outside citizens having been violated. The extent of the violation will only become known during discovery in this case.

16. On or about October 15, 2019, NICHOLS made a second request for information under the Texas Information Act to Midland County, seeking telephone recordings from an expanded time frame. Midland County has refused to provide additional records.

17. The discovery of the unlawful recordings was reported to the Texas Rangers, who have initiated a criminal investigation into the matter. NICHOLS has cooperated fully with the investigation initiated by the Texas Rangers.

18. Upon information and belief, this scheme of unlawfully intercepting telephone conversations and making those confidential communications available for review by the Sheriff and Chief Deputy has existed back far into the administration of Sheriff Gary Painter, who was the Sheriff of Midland County since 1985. It is unknown, at present, just how many telephone calls have been unlawfully intercepted and recorded, and how many of the employees of the Midland County Sheriff's Department, friends, family members, and other callers to the Midland County Sheriff's Department have been the victims of unlawful recordings.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL WIRETAP ACT
### 18 U.S.C. § 2510, *et. seq.*

19. NICHOLS hereby incorporates paragraphs 1 through 18 of this complaint as if fully restated and set forth herein.

20. Defendants' conduct described herein constitutes numerous violation of the Federal Wiretap Act for which Defendants are liable to NICHOLS for the greater of: the sum of

actual damages suffered by NICHOLS; or statutory damages of the greater of $100 a day for each day of violation, or $10,000.[1]

21. Since Defendants have been in continuous violation of the Federal Wiretap Act each day since at least March 29, 2019, as of the date of the filing of this complaint, NICHOLS'S damages are no less than $10,000 and continue to accrue.

### Attorney's Fees

22. As a result of Defendants' violations of 18 U.S.C. § 2510, et. seq., Plaintiff retained the undersigned attorneys and hereby sues Defendants for the recovery of all reasonable and necessary attorneys' fees incurred herein as authorized by 18 U.S.C. § 2520(b)(3).

### Exemplary Damages

23. Because the violations were willful and intentional, Plaintiff is entitled to and hereby sues Defendant RORY MCKINNEY for the recovery of exemplary damages as authorized by 18 U.S.C. § 2520(b)(2).

### COUNT II
### VIOLATION OF THE TEXAS CRIMINAL WIRETAP ACT
### (Tex. Code Crim. Proc. Art. 18A.502; Tex. Penal Code § 16.02)

24. Plaintiffs re-alleges every factual allegation as stated in paragraphs 1-23 of this complaint. As if fully restated and set forth herein.

25. Defendants' conduct described herein constitutes numerous violations of the Texas Criminal Wiretap Act for which Defendants are liable to NICHOLS for the greater of: the sum of actual damages suffered by NICHOLS; or statutory damages of whichever is the greater of $100 a day for each violation or $1,000 per violation.[2]

---

[1] Each violation is also criminally punishable by fine or imprisonment of not more than 5 years, or both. *See* 18 U.S.C. § 2511(1), (4).

[2] Each violation is also criminally punishable as a second degree felony by a fine not to exceed $10,000.00 or imprisonment for not more than 20 years or less than 2 years, or both. *See*, Tex. Penal Code § 16.02(f); *id., §*12.33.

26. Since Defendants have been in continuous violation of the Texas Criminal Wiretap Act each day since at least March 29, 2019, as of the date of filing of this complaint, NICHOLS'S damages are no less than $262,000 and continue to accrue.

### Attorney's Fees

27. As a result of Defendants' violations of the Texas Criminal Wiretap Act, Plaintiff retained the undersigned attorneys and hereby sues Defendants for the recovery of all reasonable and necessary attorneys' fees incurred herein as authorized by the Texas Code of Criminal Procedure article 18A.502.

### Exemplary Damages

28. Because the violations were willful and intentional, NICHOLS hereby sues Defendant RORY McKINNEY for the recovery of exemplary damages as authorized by the Texas Code of Criminal Procedure Article 18A.502.

## COUNT III
## INTRUSION UPON SECLUSION

29. Plaintiff re-alleges every factual allegation as stated in paragraph 1-28 of this complaint.

30. Defendants are liable to NICHOLS for their conduct described herein for the common law tort of intrusion upon seclusion.

31. Defendants intentionally intruded upon NICHOLS'S solitude, seclusion or private affairs.

32. Defendants' intrusion would be highly offensive to a reasonable person.

33. NICHOLS suffered injuries as a result of Defendants' intrusion.

34. As a result Plaintiff has suffered actual damages, including, but not necessarily limited to, mental anguish.

## COUNT IV
### DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES

35. Plaintiff re-alleges every factual allegation as stated in paragraphs 1-34 of this complaint.

36. Plaintiff is entitled to freedom from unlawful warrantless seizure of her personal communications under the laws of the United States and the State of Texas under the Fourteenth Amendment of the United States Constitution, and due process law under the Fourth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment.

37. Defendants McKINNEY, GILETTE, and MIDLAND COUNTY, acting under color of state law, unlawfully deprived Plaintiff of her Constitutional rights and unlawfully interfered with the Constitutional rights of the Plaintiff, by warrantless seizure of and eavesdropping on her confidential communications, in which she held a reasonable expectation of privacy.

38. The actions of Defendants, as set forth above, reasonably caused damages to the Plaintiff, for which she now sues.

## COUNT V
### CONSPIRACY TO DEPRIVE PERSONS OF CONSTITUTIONAL RIGHTS

39. Plaintiff re-alleges every factual allegation as stated in paragraphs 1-38 of this complaint.

40. Defendants McKINNEY and GILLETTE conspired together and with others, currently unknown to Plaintiff, to deprive Plaintiff of her constitutional rights, and to unlawfully

eavesdrop upon the electronic communications of Plaintiff and others, in which Plaintiff held a reasonable expectation of privacy.

41. The conspirators committed some acts in furtherance of the conspiracy, which included the installation of a county-wide system of monitoring and recording all telephone communications, and then listening to those communications without consent of the parties to the communication, using the information gleaned therein to their own personal and professional advantage.

42. As a result of this conspiracy, Plaintiff was injured by the Defendants and was deprived of her Constitutional Rights, as more fully set forth herein.

## COUNT VI
## DECLARATORY JUDGMENT

43. Plaintiff re-alleges every factual allegation as stated in paragraphs 1-42 of this complaint.

44. As discussed above, Plaintiff alleges that Defendants, McKINNEY, GILLETTE, and MIDLAND COUNTY violated Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution, the *Federal Wiretap Act*, and the *Texas Wiretap Act*.

45. Plaintiff seeks a declaratory judgment under Federal Rule of Civil Procedure 57, 28 U.S.C. §§ 2201 and 2202 and 18 U.S.C. § 2520(b)(1) that Defendants' conduct as described above violated the Federal Wiretap Act.

46. NICHOLS asks the Court to set her application for permanent injunction for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants, enjoining them from further access to, interception and/or distribution of all telephone calls placed to or from the Midland County Law Enforcement Center.

47. Plaintiff asserts her right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VI.   PRAYER FOR RELIEF

48. For the reasons stated above, Plaintiff requests that the Court:

   a. Upon final trial, render a declaratory judgment that Defendants violated 18 U.S.C. § 2510, *et. seq.* and are therefore liable to Plaintiff;

   b. Upon final trial, award Plaintiff damages pursuant to 18 U.S.C. § 2510, *et. seq.* in an amount equal to the greater of actual damages as a result of the violations as determined by the trier of fact, or $100 per day for each day of violation or $10,000;

   c. Upon final trial, award Plaintiff damages pursuant to TEX. CODE OF CRIM. PROC 18A.502 and TEX. PENAL CODE § 16.02 in an amount equal to the greater of actual damages caused by Saenz as a result of the violations determined by the trier of fact, or $100 a day for each violation or $1,000 per violation;

   d. Award Plaintiff damages to be determined by the trier of fact for Defendants' intrusion upon seclusion;

   e. Award Plaintiff exemplary damages against Defendant RORY McKINNEY pursuant to 18 U.S.C. § 2707(c), 18 U.S.C. § 2520(b)(2) to be determined by the trier of fact;

   f. Award Plaintiff exemplary damages against RORY McKINNEY pursuant to TEX. CODE OF CRIM. PROC., art 18A.502 to be determined by the trier of fact;

   g. Award Plaintiff damages for constitutional violations under 18 U.S.C. §§ 1983 and 1985, as determined by the trier of fact;

   h. Award Plaintiffs costs of suit, including reasonable and necessary attorneys' fees; and

   i. Award Plaintiff pre-judgment and post judgment interest as permitted by law at the highest rates permitted by law.;

   j. Award Plaintiff costs of suit;

   k. Upon final trial, enter a permanent injunction enjoining the Defendants from further access to, interception, and/or distribution of all telephone communications of employees of Midland County and callers to Midland County;

   l. Award Plaintiff all other, further, and different relief as this Court deems just and proper.

DATED this 18th day of February, 2020.

                Respectfully submitted,

                By:   */s/ Robert S. Hogan*
                         Robert S. Hogan
                         State Bar No. 00796767
                         HOGAN LAW FIRM, PC
                         1210 Avenue R
                         P.O. Box 2277
                         Lubbock, TX 79401
                         Telephone: (806) 771-7900
                         Facsimile: (806) 771-7925
                         email: rob@hoganlaw.com